

CLERK'S OFFICE
A TRUE COPY
Sep 04, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Use of a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number 414-892-0828, as more fully described in Attachment A. | Case No. 25 MJ 139 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before  09/18/2025  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable William E. Duffin   .
*(United States Magistrate Judge)*

☒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☒ for  20  days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  09/04/2025 at 9:55 a.m.   *William E. Duffin*
Judge's signature

City and state:  Milwaukee, WI   Honorable William E. Duffin U.S. Magistrate Judge
*Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **414-892-0828**, whose wireless provider is T-Mobile US, Inc.

## ATTACHMENT B

This Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. Radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. Radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of 20 days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin


| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The Use of a Cell-Site Simulator to Locate the Cellular<br>Device Assigned Call Number 414-892-0828,<br>as more fully described in Attachment A. | )<br>)<br>)  Case No. 25 MJ 139<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1347 and 1028A | Healthcare Fraud and Aggravated Identity Theft |

The application is based on these facts:
See Attached Affidavit

- ☐ Continued on the attached sheet.
- ☑ Delayed notice of  20  days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

FBI SA Jill Dring
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
  telephone  *(specify reliable electronic means)*.

Date: 09/04/2025

*Judge's signature*

City and state: Milwaukee, WI    Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Jill Dring, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **414-892-0828 (the "Target Cell Phone")**, described in Attachment A.

2. This warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4). On August 25, 2025, Magistrate Judge Nancy Jospeh issued an order, bearing App. No. 17046, pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone for thirty days.

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since March of 2013. As a Special Agent, I investigate civil and criminal matters related to healthcare fraud involving violations of the Health Care Fraud Statute, False Claims Act, Anti-Kickback Statute and Stark Law. Prior to investigating health care fraud matters, I investigated criminal and national security related computer intrusion matters involving botnets, distributed denial of service attacks, the distribution of SPAM, malicious software, the theft of identification information, and other computer-based fraud. I have received training in computer technology, computer-based fraud and health care fraud.

1

4. The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. One purpose of applying for this warrant is to determine with precision the Target Cell Phone's location. However, there is reason to believe the Target Cell Phone is currently located somewhere within this district because the number for the owner of the Target Cell Phone number, Dae'sha Bradley, is a Wisconsin Medicaid recipient whose contact information on file with Wisconsin Medicaid includes the Target Cell Phone and a home address in Milwaukee, Wisconsin, which is in this district. Further, the telephone number area code associated with the Target Cell Phone corresponds to this district. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cell Phone outside the district provided the device is within the district when the warrant is issued.

6. Today, September 4, 2025, the Honorable William E. Duffin, Magistrate Judge for the Eastern District of Wisconsin, issued a material witness warrant for Dae'sha Bradley (DOB: 01/29/1997). There is probable cause to believe that the location information described in Attachment B will assist law enforcement in locating and arresting Dae'sha Bradley, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

8.     On August 15, 2023, a federal grand jury returned a seventeen-count indictment against Precious Cruse in Case No. 23-CR-149 (E.D. Wisconsin). The United States, including the FBI, investigated the crimes charged in that indictment. The charges stem from Cruse's operation of a prenatal care coordination and childcare coordination company called Caring Through Love. The indictment charges Cruse with engaging in a scheme to defraud a government healthcare program, specifically Medicaid, and with nine substantive executions of that scheme. The indictment also charges Cruse with two counts of aggravated identity theft, three counts of making false statements related to healthcare matters, two counts of offering or paying a healthcare kickback, and one count of money laundering.

9.     Cruse's use of Dae'sha Bradley's identity to bill Medicaid for services purportedly provided to her is the subject of one of the counts of the indictment charging Cruse with aggravated identity theft.

10.    Investigators, including your affiant, met with Bradley at her residence located at 28xxA North 23rd Street, Milwaukee, WI 53206 on April 19, 2024, to interview her about the facts underlying the investigation of Cruse's prenatal care company. Bradley provided information relevant to the investigation.

11.    On July 31, 2025, Rory O'Sullivan, Lead Investigator for the Wisconsin Department of Justice Medicaid Fraud Control and Elder Abuse Unit, attempted to serve Bradley with a trial subpoena for her testimony at the trial in *United States v. Precious Cruse,* 23-CR-149 (E.D. Wisconsin), beginning on September 8, 2025. Specifically, he attempted service at 28xxA North 23rd Street, Milwaukee, WI 53206. He spoke with a female at the door who stated she had

been living at the address for the past month and that Dae'sha Bradley no longer lived there. She did not have a forwarding address for Bradley.

12. Investigator O'Sullivan again attempted service on August 7, 2025. He spoke to the same female, who again stated that Bradley did not live there. He left his business card with her.

13. On August 11, 2025, Investigator O'Sullivan called Bradley's phone number, **414-892-0828 (the Target Cell Phone)**, numerous times. This phone number is listed as a contact number for Dae'sha Bradley in a database, accessible to investigators, for Wisconsin Medicaid benefit recipients. Investigator O'Sullivan left a voice message for Bradley on the Target Cell Phone number.

14. On that day, August 11, 2025, Bradley called Investigator O'Sullivan back and hung up midway through the call.

15. On August 12, 2025, Investigator O'Sullivan attempted subpoena service at two other addresses possibly associated with Bradley, based on government databases. He did not locate her at either address. He left business cards at these addresses. He did not receive any calls in response to his having left business cards.

16. Also on August 12, 2025, Investigator O'Sullivan called Bradley's phone, **414-892-0828 (the Target Cell Phone)**, again. It appeared to be turned off.

17. On August 13, 2025, your affiant called Bradley's phone, **414-892-0828 (the Target Cell Phone)**. A woman answered but hung up thirteen seconds into the call, as I was speaking to her. During that call, she did not say that she was not Dae'sha Bradley.

18. On August 18, 2025, Investigator O'Sullivan called Bradley's phone, **414-892-0828 (the Target Cell Phone)**, again. It did not ring and went straight to a voice mail service. He left a voice message. Bradley did not return his call.

19. On August 25, 2025, Investigator O'Sullivan attempted to contact Latasha Woodson of Brown Deer, Wisconsin, the registered agent for the company that owns the building in which Bradley lived in April 2024 when investigators interviewed her there. He called a phone number believed, based on government databases, to be associated with Woodson. A female answered the call, however, midway through the call she asked Investigator O'Sullivan to call her back in thirty minutes. Investigator O'Sullivan called her back and left a voice message, but he did not receive a return call.

20. On August 25, 2025, your affiant also attempted to contact Woodson at the same number. The call went to voice mail; I left a message but did not receive a return call.

21. On August 27, 2025, Investigator O'Sullivan called a phone number believed, based on government databases, to be associated with Bradley's mother, Latoya Bradley. It did not ring; the call was not successful.

22. On September 3, 2025, your affiant called Bradley's phone, **414-892-0828 (the Target Cell Phone)**. It did not ring through.

23. Later on September 3, 2025, your affiant received a phone call from Bradley on phone number **414-892-0828 (the Target Cell Phone)**. When I answered, I asked whether the caller was Dae'sha Bradley, and she confirmed it was. I told her that investigators have been trying to find her for some time in relation to an investigation involving Precious Cruse, at which point she hung up.

24. Records from T-Mobile show that Bradley's known number, **414-892-0828 (the Target Cell Phone)**, is currently active, with incoming and outgoing calls logged every day since August 26, 2025, when investigators started receiving such data.

## MANNER OF EXECUTION

25. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

26. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cell Phone or receiving signals from nearby cellular devices, including the Target Cell Phone. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cell Phone and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cell Phone and use that information to determine the Target Cell Phone's location, even if it is located inside a house, apartment, or other building.

27. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cell Phone, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cell Phone, and law enforcement will limit collection of information from devices other than the Target Cell Phone. To the extent that any information from a cellular device other than the Target Cell Phone

is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cell Phone from all other cellular devices.

## AUTHORIZATION REQUEST

28. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

29. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 20 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice may seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving the person to be arrested an opportunity to flee and/or change patterns of behavior. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

30. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

31. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **414-892-0828**, whose wireless provider is T-Mobile US, Inc.

## ATTACHMENT B

This Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. Radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. Radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of 20 days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).